UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER GOMEZ,

                Plaintiff,

     v.

ROC-ROC CORP., d/b/a BURGER TIME, and
THE BORGIA FAMILY TRUST IV,

                Defendants.

**ORDER**

21 Civ. 3121 (ER)

RAMOS, D.J.

      On April 11, 2021, Alexander Gomez brought this action against Roc-Roc Corp., d/b/a Burger Time, and the Borgia Family Trust IV for violation of the Americans with Disabilities Act and related claims. Doc. 1. The Borgia Family Trust IV and Roc-Roc Corp. were served on April 19 and April 20, 2021, respectively. Docs. 8, 9. Their answers were therefore required to be filed by May 10 and May 11, 2021, respectively. To date, Defendants have neither answered nor otherwise appeared in this action.

      On December 10, 2021, because Defendants had not appeared and no proof of service had been filed, the Court ordered Gomez to submit a status report and warned of dismissal under Fed. R. Civ. P. 4(m). Doc. 7. On December 17, 2021, Gomez filed proof of service, and on December 24, 2021, he submitted a status report. Doc. 10. In the status report, Gomez indicated that he intended to commence default proceedings should Defendants fail to respond or communicate with his counsel by January 23, 2022. *See id.* When Gomez did not commence default proceedings by that date, the Court ordered him to submit a further status report by February 16, 2022 and warned that failure to do so might result in sanctions, including dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Doc. 12. Gomez submitted a status

report and requested that the Clerk of Court issue certificates of default, which issued on February 15, 2022. Docs. 13–18. Despite a further Court order, Doc. 19, Gomez has not moved for default judgment in accordance with Fed. R. Civ. P. 55(b)(2) and the Court's individual rules.

For the reasons set forth below, the Court now dismisses Gomez's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I.  **Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,

(2) whether plaintiff had received notice that further delays would result in dismissal,

(3) whether the defendant is likely to be prejudiced by further delay,

(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and

(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

II. **Discussion**

In the instant case, all of the *LeSane* factors weigh in favor of dismissal. *First*, Gomez has not moved for default judgment as specifically directed by the Court on February 16, 2022. Doc. 19. Furthermore, the Court has prodded Gomez to proceed with his case on three separate occasions. Docs. 7, 12, 19. Apart from requesting the Clerk's certificates of default, Gomez has taken no action to prosecute this case since he brought it in April 2021, approximately one year ago. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v.*

*City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Gomez was given clear notice that failure to respond to Court orders could result in dismissal.  On December 10, 2021, because Gomez had not filed proof of service, the Court ordered him to submit a status report and specifically warned failure to serve would result in dismissal pursuant to Fed. R. Civ. P. 4(m).  Doc. 7.  On February 9, 2022, when Gomez did not move for default by his self-imposed deadline, the Court ordered him to submit a further status report and specifically warned that "[f]ailure to comply with Court orders may result in sanctions, including dismissal for prosecute pursuant to Fed. R. Civ. P. 41(b)."  Doc. 12.

*Third*, while there is no specific indication in the record that defendants have been prejudiced by the delay, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210.  Because Gomez has not taken meaningful action to advance his case over the past year, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Gomez has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209.  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Gomez ignored the Court's February 16, 2022 order and has delayed this case for several months, there are no weaker sanctions that could remedy his failure to prosecute this case.  Dismissal is appropriate where, as here, Gomez "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Gomez's case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: March 31, 2022
New York, New York

_____
Edgardo Ramos, U.S.D.J.